IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LOGSDON, | No. CIV S-10-0219-FCD-CMK |
| Plaintiff, | |
| vs. | ORDER |
| D. BIRD, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1  dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject
2  matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma
3  pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h),
4  the court will also consider as a threshold matter whether it has subject-matter jurisdiction.
5           Plaintiff names the following as defendants: Bird, Schmid, Gregory, and Bauer.
6  All defendants are officers of the Chico Police Department.  Plaintiff alleges that, on or about
7  June 27, 2008, he "decided to walk around his neighborhood and check out some house parties."
8  He claims that he was "dosed" with LSD at some point that evening.  Plaintiff claims that he
9  "has no history of taking LSD and denies that he knowingly took LSD on this particular
10 evening."  Nonetheless, plaintiff admits that blood test results show that he was in fact positive
11 for LSD on June 27, 2008.   Plaintiff next states:

> According to the recorded interview with an alleged victim, Mr. Logsdon waved down a young female motorist.  Through the open drive side window he told her his name was Jeremy and that he needed water and told her he was tired.  The diver told him she did not know him.  Mr. Logsdon then touched her shoulder in a friendly manner and ran to the passenger side of the vehicle and tried to get in.  The door was locked.  A police car across the street was shining its spotlight at them.  The police car then pulled around behind the alleged victim's car.  Mr. Logsdon looked at the police car and told the driver they were his friends.
> The driver told Mr. Logsdon that she was not going to let him in.  Mr. Logsdon became angry and pounded on the window to let him in.  The driver began to drive away and Mr. Logsdon tried to hang on.  The driver drove away.

19 Plaintiff states that the police officer "then tried to detain Mr. Logsdon, who allegedly would
20 start to comply and then would run off."  According to plaintiff, tasers were used on him and he
21 was beaten by a number of officers.  He was then taken to the hospital and treated for severe
22 bleeding, loss of five front lower teeth, swollen and bruised upper left arm, fluid in his lungs,
23 cervical pain, and severe trauma to his entire torso.
24 / / /
25 / / /
26 / / /

1    The basis of plaintiff's action is his allegations that excessive force was used
2 against him by officers of the Chico Police Department in violation of his rights under the Eighth
3 Amendment.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
4 connection or link between the actions of the named defendants and the alleged deprivations.
5 See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
6 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
7 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or
8 omits to perform an act which he is legally required to do that causes the deprivation of which
9 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and
10 conclusory allegations concerning the involvement of official personnel in civil rights violations
11 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the
12 plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged
13 constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

14    In this case, plaintiff does not allege with any particularity what any named
15 defendant allegedly did to cause the claimed Eighth Amendment violation.  While plaintiff refers
16 generally to Chico Police Officers, he does not state what any particular individual defendant did
17 to cause his rights to be violated.  Plaintiff's vague and conclusory allegations are insufficient to
18 put any of the named defendants on notice of the factual basis of plaintiff's claim.

19    Because it is possible that the deficiencies identified in this order may be cured by
20 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
21 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
22 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
23 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
24 amend, all claims alleged in the original complaint which are not alleged in the amended
25 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
26 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

1  plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must
2  be complete in itself without reference to any prior pleading. See id.
3       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
5  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
6  each named defendant is involved, and must set forth some affirmative link or connection
7  between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d
8  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
9       Finally, plaintiff is warned that failure to file an amended complaint within the
10 time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at
11 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply
12 with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
13 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
14       Accordingly, IT IS HEREBY ORDERED that:
15       1.   Plaintiff's complaint is dismissed with leave to amend; and
16       2.   Plaintiff shall file an amended complaint within 30 days of the date of
17 service of this order.

DATED: May 28, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE